**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Osniel Santana-Salcerio,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Respondents. | No. CV-26-00852-PHX-MTL (ASB)<br><br>**ORDER** |

This case involves a petition for habeas corpus under 28 U.S.C. § 2241. Petitioner, a Cuban citizen who entered the United States illegally, alleges that the duration of his detention violates the United States Constitution. Petitioner was issued a final order of removal in 2018 but was released on an order of supervision requiring annual reporting. (Doc. 1 at 3.) He was taken into custody by Immigration and Customs Enforcement personnel on October 26, 2025. (*Id.* at 4 ¶ 5.) On its face, the petition fails to state a basis for relief. It will be denied without prejudice.

**I.**

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government cannot affect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and

indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* From that point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## II.

Petitioner has been detained for less than the 6-month demarcation point for the presumptively reasonable detention period under *Zadvydas*. Therefore, Petitioner cannot show that his continued detention is unlawful. The Petition will be dismissed without prejudice. Petitioner is advised that he may refile if detention continues beyond the mandatory period and there is a good-faith basis to assert that it is unlawful.

**IT IS THEREFORE ORDERED** that the Petition (Doc. 1) is **DENIED without prejudice**. The Clerk of Court must enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (Doc. 2) is **DENIED as moot.**

Dated this 17th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge